This case was argued at Novemoer term 1837, and" the following opinions were delivered at the present term.
Hornblower, C. J.
Several reasons have been assigned for the reversal of the judgment in this case, some of which must prevail.
1st. It is objected, that the complaint is uncertain: it does not specify, as the statute directs, the lands, tenements or possessions, forcibly detained.
The complaint sets forth, that the defendant on a certain day, entered into “ the messuage, or dwelling house of the plaintiff, situated in the township of Downs, in the county of Monmouth, whereof the plaintiff is seized in fee, and forcibly detains the said messuage or dwelling house.” This is entirely too loose and uncertain. By the 7th section of the statute, Rev. Laws, 349, the plaintiff is required to specify in his complaint “ the lands, tenements or other possessions,” forcibly detained. But here is no” specification; “ the messuage or dwelling house of the plaintiff situated in the township of Downs” is not such a description of the property as the law requires. A messuage, properly signifies, a dwelling house, with some adjacent land assigned to the use of it. (4 Jac. Law Diet. 281.) But this complaint is not for detaining a messuage, which would include a dwelling house with lands adjacent; nor is it for detaining a dwelling house without any lands; but it is for detaining, the one, or the other; which, it is impossible to tell; yet the jury have found the defendant guilty of the forcible detainer whereof the plaintiff had complained against him; that is they found him guilty of detaining, the messuage or the dwelling house. Upon this finding however, the Justice, gave judgment that the plaintiff have restitution, not of the messuage or dwelling house, but of the “said messuage, lands and tenements with the appurtenances.”
If a writ of restitution issues upon this judgment, it must of course be as extensive as the judgment;. the complainant, then, *323 in an action for the recovery of a messuage or a dwelling house, will be put into possession of a messuage, lands and tenements, with the appurtenances.
Such a proceeding cannot be supported, and the judgment, for this cause, must be reversed.
2d. Another error assigned is, that the return of the venire does not appear of record.
The Justice, after stating in his record that the sheriff had returned the summons, and copying the return, says, “also the venire with a return endorsed” — but he has not entered the return on his docket. This is a fatal objection according to the case of Prickett v. Prickett, 7 Halst. R. 186.
Other errors were assigned but it is unnecessary to examine them. Let the judgment be reversed.
Foiíd, J. Concurs.